

# ATTORNEY GENERAL OF MISSOURI

## CATHERINE L. HANAWAY

December 23, 2025

**<u>VIA CM/ECF</u>**

Mr. Nathan M. Graves
Clerk of Court
U.S. District Court for the Eastern District of Missouri
Thomas F. Eagleton Federal Courthouse
111 South 10th Street, Room 3.300
St. Louis, MO 63102

RE:   *Missouri General Assembly, et al. v. von Glahn, et al.*, 4:25-CV-1535-ZMB
      Supplemental Authority under Federal Rules of Appellate Procedure 28(j)

Dear Mr. Graves:

  This morning, two Missouri citizens filed a petition in Missouri state court seeking declaratory and injunctive relief against the State of Missouri and Secretary Hoskins based on Defendants' referendum petition. *See* Pet., *Maggard v. State of Missouri*, 25AC-CC09120 (Mo. 19th Cir. Ct. Dec. 23, 2025). Petitioners' one count alleges that Secretary Hoskins incorrectly put H.B. 1 into effect because Defendants have submitted their referendum petition. *See id.* ¶¶ 31–37. Petitioners seek a declaration that "HB1 is suspended until voters approve or reject it" and an injunction "prohibiting the use of HB1's new congressional map before voters approve or reject it." *Id.* ¶¶ 43–44.

  This Petition—although on its face not filed by Defendants—seeks the very relief that Plaintiffs alleged would inflict irreparable harm on the State—a suspension of the General Assembly's enacted congressional districts. *See* Compl. ¶ 48; PI Br. 10–11. Importantly, this is a harm that the parties in this case agreed would occur only after the certification of signatures. *See* Tr. 52:13–53:1. And a harm this Court held would occur only "[i]f the Secretary finds the petition satisfies *both*" compliance with the Missouri Constitution and the signature requirements. Op. 2

1

(emphasis added). The very filing of this Petition illustrates that Missouri faces a here-and-now harm.

Additionally, Missouri observes that this Petition cites to two historical examples of a referendum petition, *see* Pet., ¶¶ 19–20—both of which were touted by Defendants in their post-litigation statements.[1] The State's fear that Defendants' public remarks were "designed to encourage third parties . . . to sue the State to immediately freeze the map" appears to have materialized. Sanctions Br. at 10.

Sincerely,

**CATHERINE L. HANAWAY**
ATTORNEY GENERAL

s/ *Louis J. Capozzi III*
Louis J. Capozzi III, #77756(MO)
  *Solicitor General*
William James Seidleck, #77794(MO)
  *Principal Deputy Solicitor General*
Graham Miller, #77656(MO)
  *Deputy Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 645-9662
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiffs*

cc: Counsel for Defendants (via electronic filing)

---

[1] *See* Jason Rosenbaum, St. Louis Public Radio, *Missouri's Stack of Redistricting Lawsuits Expected To Grow Over Whether New Map Is in Effect*, (Dec. 16, 2025), https://www.stlpr.org/government-politics-issues/2025-12-16/missouris-redistricting-lawsuits-whether-new-map-effect ("[Representatives and attorneys for People Not Politicians] pointed to Missouri Constitution language and prior court decisions, as well as how then-Secretary of State Jay Ashcroft prevented right to work from going into effect after unions submitted signatures to put it up for a statewide vote.").

2

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 23, 2025, the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

s/ *Louis J. Capozzi III*