**JENNER&BLOCK** LLP                                          **STINSON**

1099 NEW YORK AVENUE NW SUITE 900, WASHINGTON, DC 20001          230 W. MCCARTY STREET, JEFFERSON CITY, MO 65101

December 26, 2025

Mr. Nathan M. Graves
Clerk of Court
U.S. District Court for the Eastern District of Missouri
Thomas F. Eagleton Federal Courthouse
111 South 10th Street, Room 3.300
St. Louis, MO 63102

Re:   *Missouri General Assembly, et al. v. von Glahn, et al.*, 4:25-CV-1535-ZMB
       Response to the State's Purported "Supplemental Authority under Federal Rules of
       Appellate Procedure 28(j)"

Dear Mr. Graves:

We write in response to the December 23 filing by the Attorney General ("the State") captioned as "Supplemental Authority under Federal Rules [*sic*] of Appellate Procedure 28(j)."

The Court has dismissed this case, so it is unclear why the State is submitting "supplemental authority," much less why the State invokes the Federal Rules of Appellate Procedure in a District Court case. Moreover, the state-court Petition the State provides is not "supplemental authority." The Petition appears to accurately state Missouri law as it has existed for more than a century. PNP's submission of more than 300,000 signatures to the Secretary of State on December 9, 2025—allocated across Missouri's congressional districts—prevents H.B. 1 from going into effect unless the Secretary exercises his "unique self-help remedy" and issues a "certificate of insufficiency," *see* ECF No. 39 at 7; *see also* § 116.150 RSMo, or unless the people vote in favor of H.B. 1 in a statewide referendum. As the Petition notes, the Missouri Supreme Court in 1914 held that "'the mere lodging of a timely, legal, and sufficient referendum petition with the Secretary of State is all that' must be done to 'halt[]' the 'law affected'—'regardless of any affirmative act on the part of the Secretary of State or the Attorney General.'" Pet. ¶ 18 (quoting *State ex rel. Kemper v. Carter*, 165 S.W. 773, 779 (Mo. banc 1914)).

In complaining that the Petition "cites to two historical examples of a referendum petition … both of which were touted by Defendants in their post-litigation statements," ECF No. 44 at 2, the State again appears to be attempting to police People Not Politicians' public remarks, which (again) raises serious First Amendment concerns.

**JENNER&BLOCK** LLP

**STINSON**

December 26, 2025
Page 2

Sincerely,

Jessica Ring Amunson, Partner
Jenner & Block LLP

Charles W. Hatfield, Partner
Stinson LLP